# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. KELLEY LYNN BRUTSMAN, Defendant. | No. CR08-0070 REPORT AND RECOMMENDATION REGARDING MOTION TO WITHDRAW GUILTY PLEA |

On the 29th day of January 2009, this matter came on for hearing on the Motion to Set Aside Guilty Plea and Motion to Withdraw (docket number 23) filed by the Defendant on January 12, 2009. The Government was represented by Assistant United States Attorney Ian Thornhill. Defendant Kelley Lynn Brutsman appeared personally and was represented by her attorney, Michael M. Lindeman.

## I. PROCEDURAL HISTORY

On October 22, 2008, Defendant was charged by Indictment (docket number 2) with one count of disaster benefits fraud, in violation of 18 U.S.C. §§ 1040(a)(2) and (b)(3). It is alleged that Defendant made a fraudulent representation to the Federal Emergency Management Agency ("FEMA") and improperly received FEMA benefits. Defendant initially entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade for December 29, 2008.

On December 10, 2008, Defendant filed a written Notice of Intent to Enter a Plea of Guilty (docket number 14). A plea change hearing was held on December 12, 2008. On that date, the Court filed a Report and Recommendation Concerning Plea of Guilty (docket number 20), recommending that the District Court accept Defendant's guilty plea. Defendant and both counsel signed a Waiver of Objections to Report and Recommendation

1

(docket number 21). On December 15, 2008, Chief Judge Linda R. Reade filed an Order (docket number 22) accepting the recommendation and Defendant's guilty plea.

On January 12, 2009, Defendant filed the instant motion to set aside her guilty plea. The motion was referred to the undersigned Magistrate Judge for a report and recommendation. *See* Order (docket number 24). The matter was then set for hearing.

## II. RELEVANT FACTS

### A. Factual Basis for Guilty Plea

Defendant was charged with one count of disaster benefits fraud. On December 3, 2008, Defendant signed a Plea Agreement, which was introduced at the plea change hearing as Government's Exhibit 1. Among other things, Defendant stipulated to facts which "may be used to establish a factual basis for her guilty plea and sentence."[1] Defendant also agreed that the stipulation of facts "may be used against her at any time in any proceeding should she violate or refuse to follow through on this plea agreement."[2] Defendant stipulated to the following facts:

> On June 13, 2008, defendant Kelley Lynn Brutsman, knowingly submitted a false, fictitious, and fraudulent application for FEMA benefits, by calling the toll free FEMA hotline. In her application for FEMA benefits, the defendant knowingly and fraudulently represented that her primary residence was 807 Ellis Blvd NW, Cedar Rapids, Iowa, at the time of the June 2008 Cedar Rapids flood, when, in truth and in fact, defendant did not live at 807 Ellis Blvd NW, Cedar Rapids, Iowa, at the time of the June 2008 flood and this address was not defendant's primary residence at the time of the June 2008 flood.

*See* Government's Exhibit 1, Letter from Ian K. Thornhill to Michael M. Lindeman dated November 20, 2008, ¶ 18(D), pp. 6-7 (docket number 19-2 at 6-7). The plea agreement

---

[1] *See* Government's Exhibit 1, Letter from Ian K. Thornhill to Michael M. Lindeman dated November 20, 2008, ¶ 18, p. 6 (docket number 19-2 at 6).

[2] *Id.*

2

further provided that "[t]he defendant acknowledges that she is entering into this plea agreement and is pleading guilty freely and voluntarily because she is guilty and for no other reason."[3]

At the plea change hearing, the Court addressed the Defendant personally in open court, pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 11. After being placed under oath by the Court, Defendant admitted that she knowingly and fraudulently made a false statement to FEMA, that the statement was material, and that it was made in connection with a request for disaster benefits.

> THE COURT: Did you knowingly and fraudulently make a false statement to FEMA regarding your primary address at the time of the flood?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Any question in your mind about that?
> THE DEFENDANT: No.
> . . .
> THE COURT: All right. Do you admit that the false statement regarding where you were living or what your primary address was at the time of the flood was material to receiving benefits?
> THE DEFENDANT. Yes.
> . . .
> THE COURT: And was this statement that you made that was false made in connection with a request by you to FEMA for disaster benefits?
> THE DEFENDANT: Yes, Your Honor.

Under further questioning by the Court, Defendant admitted under oath that the stipulation of facts contained in paragraph 18 and subparagraphs A through D of the Plea Agreement was "true and correct."

### B. Newly Discovered Evidence

In support of her request that she be permitted to withdraw her guilty plea, Defendant cites "newly discovered evidence that may exonerate the Defendant of the

---

[3] *Id.*, ¶ 20, p. 8 (docket number 19-2 at 8).

charges." Defendant called Wallace "Deon" Cooper to testify at the instant hearing. Prior to the flood, Cooper lived with his wife and children next door to Defendant's grandmother. Cooper testified that two or three days after Defendant's grandmother got sick, he started seeing Defendant "come around." Cooper saw Defendant "coming or going" outside almost every day. Cooper did not talk to Defendant, but believed that she was living there. According to Defendant's proffer, her grandmother had moved from the house prior to the flood.

While the record is somewhat imprecise, Cooper eventually learned from his wife that Defendant had been charged with disaster benefits fraud. According to Cooper, he "didn't want to get involved," and did not call Brutsman's attorney. On January 7, 2009 (approximately four weeks after Defendant pleaded guilty), Cooper spoke with Defendant's counsel at an unrelated juvenile court proceeding and apparently advised him of the facts described above. Five days later, Defendant's counsel filed the instant motion seeking permission for Defendant to withdraw her guilty plea.

### III. DISCUSSION

A defendant may withdraw a plea of guilty after the court accepts the plea, if "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). *See also United States v. Maxwell*, 498 F.3d 799, 800 (8th Cir. 2007). "The 'fair and just' standard is a liberal one, but it does not create an automatic right to withdraw a plea." *United States v. Smith*, 422 F.3d 715, 723 (8th Cir. 2005). "A guilty plea is a solemn act not to be set aside lightly." *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997). "The defendant bears the burden of proving why one of the recognized justifications should permit a withdrawal of what he had solemnly made under oath." *Smith*, 422 F.3d at 723-24.

In this case, the "fair and just reason" urged by Defendant is the discovery of new evidence which she believes is exculpatory. The Court considers seriously a claim of newly discovered evidence, and an evidentiary hearing is usually required. *United States*

4

*v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992). Here, Defendant presented a witness who testified that he started seeing Defendant "come around" two or three days after her grandmother got sick. The record is silent regarding when that occurred in proximity to the flood or Defendant's application for benefits. Defendant proffered that her grandmother moved out prior to the flood, but the record is silent as to when. The witness would testify that he saw Defendant "coming or going" almost every day. The record is silent, however, regarding the length of time over which the observations were made. The witness opined that Defendant was living at the residence, but he offered no reasons for his opinion, other than his observations of Defendant coming and going. The record is silent regarding what time of the day or night the observations were made. The witness has apparently never talked to Defendant.

In support of her motion, Defendant cites *United States v. Thompson*, 906 F.2d 1292 (8th Cir. 1990), for the proposition that "the 'fair and just' standard is a liberal one." In fact, the Court in *Thompson* stated: "While the 'fair and just' standard is a liberal one, we are mindful that 'the plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the same.'" *Id.* at 1298 (quoting *United States v. Woosley*, 440 F.2d 1280, 1281 (8th Cir. 1971)). The Court in *Thompson* held that "the district court did not abuse its discretion when it denied appellant's motions without conducting an evidentiary hearing." *Id.* at 1298-99.

There are several factors to be considered in determining whether to grant a motion to withdraw a plea, including whether a defendant has established a "fair and just reason" as required by Rule 11(d)(2)(B). *United States v. Boone*, 869 F.2d 1089, 1091 (8th Cir. 1989). Additional factors include (1) whether a defendant asserts her "legal innocence" of the charge, (2) the length of time between the guilty plea and the motion to withdraw, and (3) whether the government will be prejudiced. *Id.* at 1091-92. Here, the "newly discovered evidence" cited by Defendant is not strong. Even if it constitutes a "fair and

just reason" as required by the rule, Defendant does not claim her "legal innocence of the charge."

While Defendant asserts that she "became aware of newly discovered evidence that may exonerate" her, she does not claim that she is not guilty of the charge. As set forth above, Defendant signed a plea agreement in which she admitted that "[i]n her application for FEMA benefits, the defendant knowingly and fraudulently" misrepresented her primary residence. At the plea change hearing, Defendant acknowledged under oath that the stipulation of facts set forth in the plea agreement was "true and correct." Defendant also told the Court, under oath, that she knowingly and fraudulently made a false statement to FEMA regarding her primary address at the time of the flood. "A defendant's assertion of innocence does not constitute a fair and just reason to withdraw a guilty plea if there exists a sufficient evidentiary basis for a defendant's guilt." *United States v. Goodson*, 2008 WL 652101 at *3 (N.D. Iowa) (citing *Maxwell*, 498 F.3d at 802). *See also United States v. Jones*, 111 F.3d 597, 601 (8th Cir. 1997) ("Given [the defendants'] admissions of guilt to all of the elements in the charge and in their stipulation of facts, their post-plea claims of factual insufficiency and innocence are unavailing.").

"When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.'" *Morrison*, 967 F.2d at 268 (quoting *United States v. Rawlins*, 440 F.2d 1043, 1046 (8th Cir. 1971)). Given the ambiguous nature of the "newly discovered evidence," the Court concludes that Defendant has failed to meet her burden of showing a "fair and just reason" to withdraw her guilty plea. Even if the newly discovered evidence may be considered a fair and just reason, however, the Court nonetheless concludes that the motion should be denied since Defendant is not claiming legal innocence of the charge. Defendant signed a plea agreement in which she admitted guilt, confirmed under oath that the stipulation of facts in the plea agreement was true and correct, and then told the Court under oath that she knowingly and fraudulently made a

6

false statement to FEMA regarding her primary address at the time of the flood. Under these circumstances, Defendant should not be permitted to withdraw her guilty plea.

## IV. SUMMARY

On December 12, 2008, Defendant appeared before the undersigned Magistrate Judge and entered a plea of guilty to one count of disaster benefits fraud, as charged in the Indictment. The Court advised Defendant of her rights, as set forth in Rule 11(b)(1). The Court determined that Defendant's plea of guilty was voluntary and did not result from force, threats, or promises (other than promises made in the plea agreement). *See* Rule 11(b)(2). The Court further determined that there was a factual basis for the plea. *See* Rule 11(b)(3). The Court concludes that Defendant has failed to show a fair and just reason for being permitted to withdraw her guilty plea, as required by Rule 11(d)(2)(B). Even if the "newly discovered evidence" cited by Defendant constitutes a fair and just reason, however, the Court notes that Defendant does not claim legal innocence of the charge. Accordingly, the motion to set aside guilty plea should be denied.[4]

## V. RECOMMENDATION

For the reasons set forth above, I respectfully recommend that the District Court **DENY** the Motion to Set Aside Guilty Plea and Motion to Withdraw (docket number 23) filed by the Defendant on January 12, 2009.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1)(B), that within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court. *Defendant is reminded that pursuant to Local Rule 72.1, "[a] party asserting such objections must arrange promptly*

---

[4] Defendant's motion also included a request that Mr. Lindeman be permitted to withdraw as counsel. That request was premised, however, on the initial belief that it may be necessary for Mr. Lindeman to provide testimony regarding the "newly discovered evidence." Instead, Defendant produced Mr. Cooper to testify at the instant hearing regarding his knowledge of Defendant's activities near her grandmother's home. Therefore, Mr. Lindeman's testimony was not required and it is the Court's understanding that Defendant is not pursuing the motion to withdraw as counsel.

*for a transcription of all portions of the record the district court judge will need to rule on the objections."* Accordingly, if Defendant is going to object to this Report and Recommendation, he must promptly order a transcript of the hearing held on January 29, 2009.*

DATED this 5th day of February, 2009.

                                                JON STUART SCOLES
                                                United States Magistrate Judge
                                                NORTHERN DISTRICT OF IOWA