# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 08-CR-70-LRR |
| vs. | **ORDER** |
| KELLEY LYNN BRUTSMAN, | |
| Defendant. | |

## *I. INTRODUCTION*

The matter before the court is Defendant Kelley Lynn Brutsman's "Objections to Report and Recommendation[] Regarding Motion to Withdraw Guilty Plea" ("Objections") (docket no. 33).

## *II. RELEVANT PROCEDURAL BACKGROUND*

On October 22, 2008, a grand jury returned a one-count indictment ("Indictment") (docket no. 2-2) against Defendant. Count 1 alleges Defendant committed fraud in an application for benefits from the Federal Emergency Management Agency ("FEMA") in connection with the Presidential Disaster Declaration for the State of Iowa (FEMA-1763-DR), in violation of 18 U.S.C. § 1040(a)(2) and (b)(3).

On December 12, 2008, Defendant appeared before United States Magistrate Judge Jon S. Scoles for a hearing ("First Hearing") and pled guilty to Count 1 of the Indictment. Defendant pled guilty pursuant to a sealed plea agreement ("Plea Agreement") (docket no. 19-2). In the Plea Agreement, the parties made the following stipulation:

> On June 13, 2008, [Defendant] knowingly submitted a false, fictitious, and fraudulent application for FEMA benefits, by calling the toll[-]free FEMA hotline. In her application for FEMA benefits, [Defendant] knowingly and fraudulently represented that her primary residence was 807 Ellis Blvd

> NW, Cedar Rapids, Iowa, at the time of the June 2008 Cedar Rapids flood, when, in truth and in fact, defendant did not live at 807 Ellis Blvd NW, Cedar Rapids, Iowa, at the time of the June 2008 flood and this address was not [Defendant's] primary residence at the time of the June 2008 flood. This representation was material to the determination by FEMA of whether [Defendant] was eligible to receive federal disaster financial assistance. As a direct result of [D]efendant's false and fraudulent representation, [D]efendant received a FEMA grant in the amount of $3,251.99 to which she was not entitled.

Plea Agreement at ¶ 18.D. Defendant agreed that the stipulated facts could "be used against her at any time in any proceeding should she violate or refuse to follow through on this plea agreement[.]" *Id.* at ¶ 18.

At the First Hearing, Judge Scoles placed Defendant under oath and engaged in the following colloquy with her:

> THE COURT: Did you knowingly and fraudulently make a false statement to FEMA regarding your primary address at the time of the flood?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Any question in your mind about that?
>
> THE DEFENDANT: No.
>
> * * *
>
> THE COURT: All right. Do you admit that the false statement regarding where you were living or what your primary address was at the time of the flood was material to receiving benefits?
>
> THE DEFENDANT: Yes.
>
> * * *

> THE COURT: And was this statement that you made that was false made in connection with a request by you to FEMA for disaster benefits?
>
> THE DEFENDANT: Yes, Your Honor.

First Hearing Transcript (docket no. 35), at 12-13. At the First Hearing, Defendant also admitted the facts contained in the Plea Agreement were "true and correct." *Id.* at 15.

On December 12, 2008, Judge Scoles issued a report and recommendation ("First Report and Recommendation") (docket no. 20) in which he advised the undersigned to accept Defendant's guilty plea. Also on that day, the parties waived their right to object to the First Report and Recommendation. *See* Waiver of Objections to Report and Recommendation (docket no. 21). On December 15, 2008, the undersigned entered an order adopting the First Report and Recommendation and accepting Defendant's guilty plea.

On January 12, 2009, Defendant filed a "Motion to Set Aside Guilty Plea and Motion to Withdraw" ("Motion") (docket no. 23). In the Motion, Defendant's counsel claimed that he had recently become "aware of newly discovered evidence that may exonerate Defendant of the charges" in the Indictment. Motion at ¶ 2. On January 23, 2009, the government filed a Resistance (docket no. 27) to the Motion. On January 27, 2009, Defendant filed a Brief (docket no. 28) in support of the Motion. On January 29, 2009, Judge Scoles held a hearing ("Second Hearing") on the Motion. At the Second Hearing, Mr. Wallace Cooper testified on Defendant's behalf.

Mr. Cooper testified that, prior to the flood of 2008, he resided next door to Defendant's grandmother on Ellis Boulevard. Shortly before the flood, Mr. Cooper observed Defendant entering and exiting Defendant's grandmother's home. Mr. Cooper testified that he had seen Defendant nearly every day at Defendant's grandmother's residence and believed she lived with her grandmother. Mr. Cooper never discussed Defendant's residence with Defendant. Apparently, Mr. Cooper learned about the

Indictment but was reluctant to come forward with this evidence because he "didn't really want to get involved in it." Second Hearing Transcript (docket no. 31, at 8). Mr. Cooper eventually spoke to Defendant's counsel about his observations. Five days after learning about Mr. Cooper's observations, Defendant filed the Motion.

On February 5, 2009, Judge Scoles filed a second report and recommendation ("Second Report and Recommendation") (docket no. 30), in which he advises the undersigned to deny the Motion. On February 19, 2009, Defendant filed the Objections.

### III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2005); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *see also* Fed. R. Crim. P. 59(b)(3) (stating "[t]he district judge must consider de novo any objection to the magistrate judge's recommendation"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) (stating a judge "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions"). The Eighth Circuit Court of Appeals has held it is reversible error for the district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the Second Report and Recommendation de novo.

### IV. ANALYSIS

#### A. *Relevant Law*

Federal Rule of Criminal Procedure 11(d) provides a defendant may withdraw a guilty plea after the court accepts the guilty plea and before sentencing if "the defendant

4

can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In its consideration of a motion to withdraw a guilty plea, a "'district court may [. . .] consider any assertions of legal innocence, the amount of time between the plea and the motion to withdraw, and the prejudice to the government in granting the motion.'" *United States v. Maxwell*, 498 F.3d 799, 801 (8th Cir. 2007) (quoting *United States v. Mugan*, 441 F.3d 622, 630 (8th Cir. 2006)). However, "[i]f the defendant fails to show a fair and just reason for withdrawing his plea, the district court does not need to address any additional factors." *Id.* (citing *United States v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005)). "'A guilty plea is a solemn act not to be set aside lightly.'" *Id.* (quoting *United States v. Embrey*, 250 F.3d 1181, 1183 (8th Cir. 2001)).

### *B. Analysis*

Defendant essentially raises two issues with respect to the Second Report and Recommendation. First, Defendant suggests that the court conduct another evidentiary hearing to clarify ambiguous testimony from the Second Hearing. Defendant argues that, with clarification, Mr. Cooper's testimony constitutes a fair and just reason to allow Defendant to withdraw her guilty plea. Second, Defendant submits that Judge Scoles should have considered the Motion to be an assertion of innocence. Both arguments are unavailing.

### *1. Newly discovered evidence*

First, the court examines whether the newly discovered evidence described above, Mr. Cooper's testimony, constitutes a fair and just reason for Defendant to withdraw her guilty plea. Defendant suggests that if the undersigned is "not comfortable" with the factual record before Judge Scoles, the court should hold a second evidentiary hearing. Objections at ¶ 7. In the Second Report and Recommendation, Judge Scoles identified the following ambiguous elements of Mr. Cooper's testimony: (1) whether Mr. Cooper saw Defendant at the residence in question in proximity to the time of the flood or Defendant's

5

application for benefits; (2) whether Defendant's grandmother moved out of the residence in question; (3) how long and what time of day or night Mr. Cooper observed Defendant coming and going from her grandmother's residence; (4) whether Mr. Cooper has a basis for his opinion that Defendant was living at her grandmother's home; and (5) whether Mr. Cooper spoke with Defendant.

After Judge Scoles identified these factual ambiguities, Defendant's counsel telephoned Mr. Cooper and discussed these ambiguities with him. Defendant's counsel submits that, if the court were to hold another evidentiary hearing, Mr. Cooper would testify as follows: (1) Defendant's grandmother moved out of her home approximately six to eight weeks prior to the flood; (2) Defendant was present in her grandmother's home several weeks prior to the flood; and (3) Mr. Cooper observed Defendant at her grandmother's home every day during the weeks leading up to the flood because he was unemployed and home every day.

The court is "comfortable" with the factual record established before Judge Scoles and declines to hold another evidentiary hearing. As an initial matter, the court notes it is not required to hold an evidentiary hearing to clarify Mr. Cooper's testimony. In denying a motion to withdraw a guilty plea, "the court 'need not hold an evidentiary hearing if the allegations in the motion are inherently unreliable, are not supported by specific facts or are not grounds for withdrawal even if true.'" *United States v. Morrison*, 967 F.2d 264, 267-68 (8th Cir. 1992) (quoting *United States v. Thompson*, 906 F.2d 1292, 1299 (8th Cir. 1990)); *cf. United States v. Goba*, 240 F. Supp. 2d 242, 245 (W.D.N.Y. 2003) (noting review of a magistrate judge's detention order requires the court to "utiliz[e] the factual and evidentiary record developed during the detention hearing before [the magistrate judge]"); *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990) (stating the district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct"). As set

6

forth below, Mr. Cooper's testimony, even if true, does not establish grounds for withdrawal. Therefore, the court need not conduct another evidentiary hearing to hear the proposed clarifying testimony. To simplify matters, however, in this analysis, the court assumes Mr. Cooper could testify to the clarifying facts submitted by Defendant in the Objections.

The court now turns to determine whether Mr. Cooper's testimony constitutes a "fair and just reason" to allow Defendant to withdraw her guilty plea. "Courts have dealt carefully with [motions to withdraw guilty pleas] based upon newly discovered evidence." *Morrison*, 967 F.2d at 268. The Eighth Circuit Court of Appeals considers the weakness of newly discovered evidence as a significant factor in determining whether newly discovered evidence constitutes a fair and just reason to allow the withdrawal of a guilty plea. *Id.* at 268-69. As set forth below, the court identifies three reasons why it considers Mr. Cooper's observations to be weak evidence.

First, Mr. Cooper's testimony does not contain any suggestion that Defendant's *primary* residence was her grandmother's home. The material allegation charged in the Indictment is that Defendant "knowingly and fraudulently claimed her *primary* residence was 807 Ellis Blvd NW, Cedar Rapids, Iowa, at the time of the June 2008 Cedar Rapids flood, when [that residence] was not [Defendant]'s *primary* residence during the June 2008 Flood." Indictment at 1-2 (emphases added). Both the Plea Agreement and the record made at the First Hearing state that the false allegation at issue is Defendant's representation that her "primary" residence was her grandmother's residence. *See* Plea Agreement at ¶ 18.D & First Hearing Transcript at 12-13. However, Mr. Cooper's testimony is merely that he believed Defendant was residing at her grandmother's residence; not that Defendant's primary residence was her grandmother's home. One may have multiple residences, but only one primary residence. Mr. Cooper's testimony is not helpful to Defendant's contradiction of the indicted conduct.

7

Second, it is unclear whether Mr. Cooper's testimony establishes Defendant was living at her grandmother's residence. Mr. Cooper opines Defendant was living at her grandmother's residence; however, aside from observing her coming and going from this residence, he has not provided the basis for this opinion. Given the fact that Defendant's grandmother had recently moved out of the residence, Defendant could have been coming and going from her grandmother's residence because she was keeping an eye on it while it was vacant, because she was moving her grandmother's belongings to another location or for any other host of reasons.

Third, Mr. Cooper's testimony does not reveal a defense previously unknown to Defendant. Stated another way, Defendant presumably knew that she had been present at her grandmother's residence daily during the period leading up to the flood; nevertheless, she subsequently stated in the Plea Agreement and under oath at the First Hearing that her primary residence was not her grandmother's home.

The newly discovered evidence offered by Defendant is weak and does not constitute a fair and just reason to allow Defendant to withdraw her guilty plea. Accordingly, the court shall overrule this portion of the Objections and adopt the Second Report and Recommendation.

### 2. *Assertion of innocence*

Even if Defendant's newly discovered evidence constituted a fair and just reason to allow her to withdraw her guilty plea, when the court views it in the context of the *Maxwell* factor concerning a defendant's assertion of innocence, the court concludes that withdrawal would be inappropriate. In analyzing a motion to withdraw a guilty plea, a "'district court may [. . .] consider any assertions of legal innocence, the amount of time between the plea and the motion to withdraw, and the prejudice to the government in granting the motion.'" *Maxwell*, 498 F.3d at 801. Whether Defendant asserted her innocence relates to Defendant's second objection to the Second Report and

Recommendation—that Defendant impliedly asserted her innocence by filing the Motion.

Defendant argues that, "by inference," Judge Scoles should have concluded Defendant was asserting her innocence because she filed the Motion. Objections at ¶ 6. Following Defendant's suggestion would require the court to assume that every motion to withdraw a guilty plea impliedly asserts a defendant's innocence. This would be incorrect. As case law demonstrates, a party may move to withdraw a guilty plea for a variety of reasons other than an assertion of innocence. *See, e.g.*, *United States v. Burney*, 75 F.3d 442, 444 (8th Cir. 1996) (noting defendant moved to withdraw guilty plea because "he had been misled by both his defense counsel and the district court to believe that his maximum sentence could not exceed ten years imprisonment."). Absent some reliable indication that Defendant actually asserts her innocence, the court concludes that Defendant has not asserted her innocence for purposes of the Motion.

Even if Defendant had asserted her innocence the court would not allow her to withdraw her guilty plea for this reason alone. "A defendant's assertion of innocence does not constitute a fair and just reason to withdraw a guilty plea if there exists a sufficient evidentiary basis for a defendant's guilt." *United States v. Goodson*, No. 07-CR-43-LRR, 2008 WL 652101 at *3 (N.D. Iowa Mar. 11, 2008) (Reade, C.J.) (citing *Maxwell*, 498 F.3d at 802). "An assertion of innocence—even a 'swift change of heart after the plea'—does not constitute a 'fair and just reason' to grant withdrawal." *Morrison*, 967 F.2d at 268 (quoting *United States v. Devins*, 646 F.2d 336, 337 (8th Cir. 1981)). "Such claims of innocence carry little weight in the face of contrary testimony under oath at a change of plea hearing." *United States v. Storholm*, 226 F. App'x 639, 640 (8th Cir. 2007) (citing *United States v. Peebles*, 80 F.3d 278, 279 (8th Cir. 1996) (per curiam) ("Furthermore, we agree with the District Court that [defendant]'s claims of innocence are unavailing, given his admissions to the contrary in the plea agreement and stipulation[.]")). The court finds there is a sufficient evidentiary basis for Defendant's guilt in light of the

Plea Agreement and Defendant's sworn statements at the First Hearing. Accordingly, the court shall overrule the Objections and adopt the Second Report and Recommendation.[1]

### V. CONCLUSION

In light of the foregoing, **IT IS ORDERED THAT**:

(1) The Objections (docket no. 33) are **OVERRULED**;

(2) The Second Report and Recommendation (docket no. 30) is **ADOPTED**; and

(3) The Motion (docket no. 23) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 7th day of April, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] The Motion also contained a request to permit Defendant's counsel to withdraw from representation of Defendant. The court agrees with Judge Scoles's observation that the request to withdraw "was premised [. . .] on the initial belief that it may be necessary for [Defendant's counsel] to provide testimony regarding the 'newly discovered evidence.'" Second Report and Recommendation at 7, n.4. Because Mr. Cooper testified at the Second Hearing, Defendant's counsel did not need to testify. Defendant did not object to Judge Scoles's observation that Defendant is no longer pursuing the withdrawal of her counsel. When a party does not object to a magistrate judge's finding, the court reviews such a finding for plain error. *Nixon v. Sanders*, 243 F. App'x 197, 198 (8th Cir. 2007). Accordingly, the court shall adopt this portion of the Second Report and Recommendation.